(No. 1056— )

W. H. THOMAS, E. A. MIDYETT, AND L. K. SAGER, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed November 9, 1927.*

*Rehearing denied January 11, 1928.*

JOHN A. LOGAN, for claimant.

OSCAR E. CARLSTROM, Attorney General; FRANK R. EAGLETON, Assistant Attorney General, for respondent.

Mr. CHIEF JUSTICE CLARITY delivered the opinion of the court:

This is a claim brought to recover $2,500.00 for work performed by claimants for completing the grading and the building of the shoulders along a portion of Section 4 of the hard surfaced road of Route 14 from stations 554 to 770, being from a point immediately east of the City of Christopher, Illinois.

It appears that Keely Construction Company of East St. Louis, Illinois, entered into a contract with the State of Illinois for the construction of a hard surfaced road known and designated as Route 14. It appears that this road was under the contract in so far as the roadbed and concrete slab was accepted by the State. And it further appears that claimant L. K. Sager under his contract with the Keely Brothers Construction Company, agreed to complete the unfinished portion of the grading work and constructing the shoulders along the said portion of said section. W. H. Thomas and E. A. Midyett were employed by the claimant Sager to assist in the work. It is claimed that more work was required to complete the grading and building of the shoulders than was anticipated, and for this reason this claim is presented. It appears to this court from the record herein that the only agreement or contract to which the State of Illinois was a party, was with the Keely Brothers Construction Company

aforesaid. From the Keely Brothers Construction Company came the authority to the claimants for their undertaking, and it would appear that if there was a legal grievance to be considered it would be between the Keely Brothers Construction Company and the claimants as it does appear that claimants were sub-contractors with the Keely Brothers. As a matter of fact it is the opinion of this court that it is the duty of the Keely Brothers Construction Company to keep the State of Illinois harmless from claims of this character.

It is not deemed necessary to consider this case on the question of the law on contracts, further than the fact of it being well understood that the defendant should have the knowledge at least through an express contract, or through some other well defined meaning before being held responsible in a case of this kind.

The State of Illinois is building a great hard road system which reflects a benefit to the citizens of the State. At the same time it must be considered that the constructing of hard roads brings a great financial obligation upon the people of the State of Illinois. Therefore caution should be exercised in the expenditure of the money the same as would be applied by private corporations and individuals.

It is a well known fact that unexpected conditions in road construction may be expected sometimes to the advantage of the contractor and of course at other times to his disadvantage. Consequently undertakings of this kind should be well considered before contract is made and if there is to be a liability on the part of the State of Illinois, that fact should be expressed by a proper contract before work is undertaken or responsibility assumed by contractor or other individual.

Therefore it is considered by this court that this claim be disallowed.

On January 11, 1928, upon petition for rehearing the following additional opinion was filed:

It is the opinion of the court that the petition of the claimant does not disclose sufficient matter to grant a rehearing.

Therefore it is considered by the court that the petition for rehearing be denied.